UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN CONWAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17CV2254 RLW |
| ) | |
| RICHARD MICHAEL HEYL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Richard Michael Heyl and Jennifer Ann Heyl's (collectively "the Heyls") Joint Motion for Referral to Bankruptcy Court (ECF No. 13) and Defendants John J. Palczuk and Karen E. Palczuk's (collectively "the Palczuks") Joint Motion to Dismiss (ECF No. 17). Also pending are the Palczuks' Motion to Strike Plaintiffs' Joint Responses to Palczuks' Reply to Plaintiffs' Response to Motion to Dismiss (ECF No. 29) and the Heyls' Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 30). The motions are fully briefed and ready for disposition.

### Background

This case stems from two separate bankruptcy proceedings in two jurisdictions. On August 31, 2009, the Heyls filed a Voluntary Chapter 7 Petition for Bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri, in Case No. 09-48593-705. (Pls.' First Amended Complaint ["FAC"] ¶ 18, ECF No. 5) The Heils received a discharge on August 30, 2010, but the case remains pending and open before the Honorable Charles E. Rendlen, III.[1] (Defs.' Mot. for Referral ¶¶ 1-2, ECF No. 13) The Palczuks filed a Voluntary Chapter 11

---

[1] As thoroughly set forth in the Heyls' Reply brief and incorporated herein, this bankruptcy proceeding has a long and contentious procedural history. (Defs.' Reply ¶¶ 6-34, ECF No. 21)

Petition for Bankruptcy in the United States Bankruptcy Court for the Eastern District of North Carolina on May 25, 2011, Case No. 11-0417-8-SWH. (FAC ¶ 18; Defs.' Mot. to Dismiss ¶ 1, ECF No. 17) On November 29, 2013, the Palczuks received their Discharge Order, and the bankruptcy case was closed on January 30, 2013. (ECF No. 17 ¶¶ 2-3)

On August 14, 2017, Plaintiffs Steven Conway, Lori Conway, LorCon #1, and LorCon #4 filed a Complaint to Declare Debt Nondischargeable Under 11 U.S.C. § 523(a)(19) of the Bankruptcy Code in the United States District Court for the Eastern District of Missouri against the Heyls and the Palczuks. (ECF No. 1) They filed a First Amended Complaint to Declare Debt Nondischargeable Under 11 U.S.C. § 523(a)(19) on November 22, 2017, alleging generally that the debts of the Heyls and the Palczuks were nondischargeable due to illegal sales of securities and common law fraud, deceit or manipulation. (ECF No. 5) In response, the Heyls filed a Motion for Referral to Bankruptcy Court, arguing that the case arises under Title 11 and should be referred to the Bankruptcy Court for disposition. (ECF No. 13) The Palczuks filed a Motion to Dismiss, asserting that the Complaint should be dismissed as improper collateral attacks on the bankruptcy case in North Carolina. (ECF No. 17)

## Discussion

### The Heyls' Motion for Referral

The Heyls argue that this case is a "core proceeding" which arises under Title 11 and should be referred to the Bankruptcy Court. Plaintiffs respond, with no legal support, that the Court has the authority to overrule a local rule when justice requires and that hearing this bankruptcy matter in the district court would promote judicial efficiency and avoid piecemeal litigation.

2

Pursuant to 28 U.S.C. § 157, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The United States District Court for the Eastern District of Missouri has enacted a local rule which provides: "[a]ll cases under Title 11 of the United States Code, and all proceedings arising under Title 11 or arising in or related to a case under Title 11, are referred to the bankruptcy judges for this district, who shall exercise the full extent of the authority conferred upon them." E.D. Mo. L.R. 9.01.

Contrary to Plaintiffs' position, the Court does not read the statute or local rule as discretionary. Plaintiffs acknowledge that the proceeding arises under Title 11, stating that "Plaintiffs' cause of action is specifically pointed at whether their debts are non-dischargeable under 11 U.S.C. § 523(a)(19)(i) and (ii)." (Pls.' Response ¶ 4, ECF No. 20) Furthermore, to the extent that Plaintiffs contend that their case is unrelated to the underlying bankruptcy case, the Court agrees with the Heyls that the First Amended Complaint to Determine Dischargeability of Debts is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it pertains to "determinations as to the dischargeability of particular debts."[2] Therefore, the Court will grant the Defendant the Heyls' Motion for Referral to Bankruptcy Court and refer Plaintiffs' First Amended Complaint to the United States Bankruptcy Court for the Eastern District of Missouri.

## The Palczuks' Motion to Dismiss

Likewise, the Court finds that dismissal of this action as to the Defendants the Palczuks is appropriate. In their motion, the Palczuks assert that an adversary proceeding to determine

---

[2] In their response to the Palczuks' reply, for which Plaintiffs failed to seek leave to file under E.D. Mo. L.R. 4.01(C), Plaintiffs acknowledge this is a core proceeding. Specifically, they state, "Plaintiffs have never denied that this action is a core proceeding." (ECF No. 28 p. 2)

3

dischargeability of a debt is a core proceeding falling within the Bankruptcy Court's jurisdiction. Further, they contend that the Bankruptcy Court in the Eastern District of North Carolina retains jurisdiction over the Palczuks' bankruptcy case, and thus the present cause of action is not properly before this Court. The Plaintiffs' response, aside from being untimely,[3] is nonsensical.

Here, Plaintiffs admittedly raise a nondischargeability claim related to core bankruptcy proceedings which took place in the Eastern District of North Carolina. Further, closing a bankruptcy case does not deprive the bankruptcy court of jurisdiction, as "[i]t is well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders." *In re AFY, Inc.*, 571 B.R. 825, 835 (B.A.P. 8th Cir. 2017). Thus, the Court finds that it lacks jurisdiction over Plaintiffs' claims against the Palczuks and will dismiss those claims accordingly.

## The Heyls' Motion for Sanctions

Finally, the Heyls have filed a Motion for Sanctions against Plaintiffs and Plaintiffs' counsel, David Fondren. The Heyls assert that Plaintiffs filed the case in the United States District Court for an improper purpose to harass and needlessly increase the cost of litigation. The Court finds that any motion for sanctions by the Heyls and against Plaintiffs would be more properly adjudicated before the Bankruptcy Court. Thus, the Court will deny the motion for sanctions without prejudice.

---

[3] Local Rule 4.01 provides, "[e]xcept as otherwise provided in these rules or by order of the Court, each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." E.D. Mo. L.R. 4.01(B). Rule 6 of the Federal Rules of Civil Procedure addresses the computation of time for periods stated in days. Fed. R. Civ. P. 6(a)(1). The Palczuks filed their motion on December 23, 2017, and under the applicable rules, Plaintiffs' response was due on January 2, 2018. However, Plaintiffs did not file a response until January 6, nor did they request an extension or ask for leave to file out of time. Thus, the Court deems the response untimely.

4

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Richard Michael Heyl and Jennifer Ann Heyl's Joint Motion for Referral to Bankruptcy Court (ECF No. 13) is **GRANTED** and this case as to the Heyls is referred to the United States Bankruptcy Court for the Eastern District of Missouri.

**IT IS FURTHER ORDERED** that Defendants John J. Palczuk and Karen E. Palczuk's Joint Motion to Dismiss (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Strike Plaintiffs' Joint Responses to Palczuks' Reply to Plaintiffs' Response to Motion to Dismiss (ECF No. 29) is **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the Heyls' Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 30) is **DENIED** without prejudice.

Dated this 13th day of August, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**